**SCHEDULED FOR ORAL ARGUMENT JANUARY 14, 2022**

**No. 18-5233**

# United States Court of Appeals for the District of Columbia Circuit

ARTIE DUFUR,

*Plaintiff-Appellant*,

v.

UNITED STATES PAROLE COMMISSION,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the District of Columbia

## REPLY BRIEF OF COURT-APPOINTED AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT

Roman Martinez
Caroline A. Flynn
*Counsel of Record*
Morgan Hoffman
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
caroline.flynn@lw.com

November 30, 2021

*Court-Appointed Amicus Curiae in Support of Plaintiff-Appellant*

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ..... ii

GLOSSARY OF ACRONYMS AND ABBREVIATIONS ..... vii

SUMMARY OF ARGUMENT ..... 1

ARGUMENT ..... 3

I. THE DISTRICT COURT HAD SUBJECT-MATTER JURISDICTION OVER DUFUR'S ACTION ..... 3

A. The District Court Had The Authority To Recharacterize Dufur's Complaint As A Habeas Petition, And The Commission Waived The Venue And Immediate-Custodian Requirements ..... 3

B. The Commission Fails To Establish That The Habeas-Channeling Is Jurisdictional ..... 7

II. THE COMMISSION'S DENIAL OF MANDATORY PAROLE EXCEEDED ITS STATUTORY DISCRETION AND VIOLATED DUE PROCESS ..... 15

A. This Court May Review The Commission's Determination ..... 15

B. This Court Should Remand For A New Determination Because The Commission No Longer Defends Half Of Its Rationale For Denying Parole ..... 17

C. The Commission's Determination That It Is "Reasonably Probable" Dufur Will Commit Another Violent Crime Lacks Evidentiary Support And Is Irrational ..... 19

CONCLUSION ..... 25

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aamer v. Obama*,
742 F.3d 1023 (D.C. Cir. 2014) .......... 9

*Air Courier Conference of America v. American Postal Workers Union*,
498 U.S. 517 (1991) .......... 8

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) .......... 6, 9

*Barnhart v. Walton*,
535 U.S. 212 (2002) .......... 21

*Bowers v. Keller*,
651 F.3d 1277 (11th Cir. 2011) .......... 16

**Casino Airlines, Inc. v. National Transportation Safety Board*,
439 F.3d 715 (D.C. Cir. 2006) .......... 17

**Castro v. United States*,
540 U.S. 375 (2003) .......... 3

**Chatman-Bey v. Thornburgh*,
864 F.2d 804 (D.C. Cir. 1988) .......... 4, 5

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984) .......... 22

*Colvin v. LeBlanc*,
2 F.4th 494 (5th Cir. 2021) .......... 13

*Davis v. United States Sentencing Commission*,
716 F.3d 660 (D.C. Cir. 2013) .......... 9, 14

*Eagle Pharmaceuticals, Inc. v. Azar*,
952 F.3d 323 (D.C. Cir. 2020) .......... 22

** Authorities upon which amicus chiefly relies are marked with asterisks.*

**Page(s)**

*Fazzini v. Northeast Ohio Correctional Center*,
473 F.3d 229 (6th Cir. 2006) .......................................................................16

**Fletcher v. Reilly*,
433 F.3d 867 (D.C. Cir. 2006)........................................................................4

**Ford v. Massarone*,
902 F.3d 309 (D.C. Cir. 2018)...............................................................15, 16

*Fourstar v. Garden City Group, Inc.*,
875 F.3d 1147 (D.C. Cir. 2017)....................................................................13

*Garrett v. Murphy*,
--- F.4th ----, 2021 WL 5026787 (3d Cir. Oct. 29, 2021)..................................13

*Gonzalez v. Thaler*,
565 U.S. 134 (2012).......................................................................................11

*Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*,
442 U.S. 1 (1979)...........................................................................................16

*Guerra v. Meese*,
786 F.2d 414 (D.C. Cir. 1986)........................................................................5

*Harrigan v. Metro Dade Police Department Station #4*,
977 F.3d 1185 (11th Cir. 2020) ....................................................................13

*Heck v. Humphrey*,
512 U.S. 477 (1994)...................................................................................8, 14

*Henderson v. Shinseki*,
562 U.S. 428 (2011)...................................................................................10, 14

*Johnson v. District of Columbia*,
927 F.3d 539 (D.C. Cir. 2019).......................................................................16

*Johnson v. Spencer*,
950 F.3d 680 (10th Cir. 2020) .......................................................................13

*Johnson v. United States Parole Commission*,
419 F. App'x 438 (5th Cir. 2011) ..........................................................20, 21

**Page(s)**

*In re Jones*,
652 F.3d 36 (D.C. Cir. 2011)....................13

*Keepseagle v. Vilsack*,
815 F.3d 28 (D.C. Cir. 2016)....................12

*Kisor v. Wilkie*,
139 S. Ct. 2400 (2019)....................21

*Kiyemba v. Obama*,
561 F.3d 509 (D.C. Cir. 2009)....................9

*Langella v. Anderson*,
612 F.3d 938 (8th Cir. 2010)....................15

**Marshall v. Lansing*,
839 F.2d 933 (3d Cir. 1988)....................22

*Mata v. Lynch*,
576 U.S. 143 (2015)....................3

*Monk v. Secretary of the Navy*,
793 F.2d 364 (D.C. Cir. 1986)....................3

*Mowrer v. United States Department of Transportation*,
14 F.4th 723 (D.C. Cir. 2021)....................10, 11

**Muhammad v. Close*,
540 U.S. 749 (2004)....................8

*O'Brien v. Town of Bellingham*,
943 F.3d 514 (1st Cir. 2019)....................13

*Polzin v. Gage*,
636 F.3d 834 (7th Cir. 2011)....................13

**Ramsey v. United States Parole Commission*,
840 F.3d 853 (D.C. Cir. 2016)....................4

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999)....................11

**Page(s)**

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004)....................................................................................4

*Sebelius v. Auburn Regional Medical Center*,
568 U.S. 145 (2013)..................................................................................10

*SEC v. Chenery Corp.*,
318 U.S. 80 (1943)....................................................................................22

*Sinochem International Co. v. Malay International Shipping Corp.*,
549 U.S. 422 (2007)..................................................................................11

*Skinner v. Switzer*,
562 U.S. 521 (2011)....................................................................................8

**Skinner v. United States Department of Justice*,
584 F.3d 1093 (D.C. Cir. 2009)...................................................................8

*Thompson v. DEA*,
492 F.3d 428 (D.C. Cir. 2007)...................................................................12

*United States v. Addonizio*,
442 U.S. 178 (1979)..................................................................................19

*United States v. Cotton*,
535 U.S. 625 (2002)..................................................................................10

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
529 U.S. 765 (2000)..................................................................................11

*Vuyanich v. Smithton Borough*,
5 F.4th 379 (3d Cir. 2021) .........................................................................13

*Washington v. Los Angeles County Sheriff's Department*,
833 F.3d 1048 (9th Cir. 2016) ....................................................................13

*Wells v. Attorney General*,
470 F. App'x 754 (11th Cir. 2012)..............................................................12

*White v. Gittens*,
121 F.3d 803 (1st Cir. 1997)......................................................................13

**Page(s)**

## FEDERAL STATUTES AND REGULATIONS

5 U.S.C. § 701(a)(2) .....16

18 U.S.C. § 4203(a) .....21

18 U.S.C. § 4206(d) .....1, 2, 15, 19

18 U.S.C. § 4207 .....20

18 U.S.C. § 4208(h) .....24

28 U.S.C. § 1915A .....11

28 U.S.C. § 1915A(b) .....12

42 U.S.C. § 1983 .....9

28 C.F.R. § 2.14(a) .....24

28 C.F.R. § 2.17 .....18

28 C.F.R. § 2.18 .....21

28 C.F.R. § 2.18 (1975) .....21

28 C.F.R. § 2.27 .....18

28 C.F.R. § 2.32(a)(1) .....23

28 C.F.R. § 2.53 .....21

## STATE STATUTES

Cal. Penal Code § 1170(e)(2)(A) .....23

Cal. Penal Code § 3550(a) .....23

## OTHER AUTHORITIES

41 Fed. Reg. 19,326 (May 12, 1976) .....21

14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (4th ed. 2021, Westlaw) .....5

# GLOSSARY OF ACRONYMS AND ABBREVIATIONS

| | |
|---|---|
| Commission | United States Parole Commission |
| NOA | Notice of Action issued by the Commission on July 25, 2016 (JA13) |
| NOA Appeal | Notice of Action on Appeal issued by the Commission on November 25, 2016 (JA14) |

## SUMMARY OF ARGUMENT

After serving 37 years in federal prison for crimes he committed as a young man, Artie Dufur was denied mandatory parole under 18 U.S.C. § 4206(d). The district court dismissed Dufur's challenge to that parole denial for failure to state a claim. That was wrong—and the Parole Commission's arguments in defense of that judgment on appeal do not demonstrate otherwise.

I. The Commission now contends—for the first time—that the district court lacked subject-matter jurisdiction over Dufur's case. But its arguments do not hold up. The Commission does not deny that the district court had the inherent ability to recharacterize Dufur's suit as a habeas action. Instead, the Commission belatedly protests the district court's finding that it waived the habeas-channeling rule below—while failing to mention that it literally told the court to "ignore" any venue problems and proceed to the merits.

The Commission also maintains that the habeas venue and immediate-custodian requirements are jurisdictional. But this Court's precedent says the opposite. Nor can the Commission point to anything in the Supreme Court's case law suggesting that the habeas-channeling rule should be treated as a jurisdictional limitation. In the alternative, the Commission tries to invoke the Prison Litigation Reform Act (PLRA), but that unpreserved argument is a red herring; the PLRA did not require dismissal here.

II. The Commission's merits arguments fare no better. The Commission denied Dufur mandatory parole based on two determinations: (1) that Dufur "seriously violated institution rules and regulations" when he attempted to escape from a county jail in 1979, before he began serving his federal sentence; and (2) that there is a "reasonable probability" Dufur will commit another crime if released. *See* JA14 (NOA Appeal); 18 U.S.C. § 4206(d). The Commission's appellate brief does not even attempt to defend the first rationale. That alone requires a remand to the Commission. The Commission's final decision rested on two grounds, and when one ground is invalid, this Court is not free to assume that the agency would have reached the same decision based solely on the other.

In any event, the Commission's defense of the second ground fails as well. The Commission does not deny that it based its finding that Dufur is likely to commit another violent crime *solely* on the nature of his federal offenses in 1979 and his prior criminal history as a teenager. The Commission maintains that this determination was within its discretion under the mandatory-parole statute, but it has no response to Amicus's arguments about the statutory text and structure. And it is unable to cite any precedent upholding a mandatory-parole denial grounded in similar reasoning. The Commission also has no explanation for why it entirely failed to consider Dufur's outstanding California detainer in finding that he poses a "threat to the community" if released from federal prison. JA13 (NOA).

In short, the Commission's answering brief confirms that Dufur's action should have been allowed to proceed. This Court should reverse.

## ARGUMENT

## I. THE DISTRICT COURT HAD SUBJECT-MATTER JURISDICTION OVER DUFUR'S ACTION

### A. The District Court Had The Authority To Recharacterize Dufur's Complaint As A Habeas Petition, And The Commission Waived The Venue And Immediate-Custodian Requirements

1. Amicus's opening brief argued that the issue whether the habeas-channeling rule is "jurisdictional"—meaning, a limit on the district court's subject-matter jurisdiction—is irrelevant to the disposition of Dufur's case. This is because the district court has the inherent authority to recharacterize Dufur's pro se filing to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis" and thereby "avoid an unnecessary dismissal." *Castro v. United States*, 540 U.S. 375, 381-82 (2003); *see also Mata v. Lynch*, 576 U.S. 143, 150 (2015) ("True enough (and a good thing too) that courts sometimes construe one kind of filing as another: If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change."); Br. of Court-Appointed Amicus Curiae ("ABr.") 24-25. This Court has used that recharacterization authority in a case involving the habeas-channeling rule specifically. *See Monk v. Secretary of the Navy*, 793 F.2d 364, 366, 368 (D.C. Cir. 1986). And that is essentially what the district court did below, when it passed upon

the merits of Dufur's challenge to his parole denial under the habeas framework. *See* JA45-46 (Op.).

To be sure, Dufur's pro se complaint did not comply with two requirements of habeas procedure: He did not file in his district of confinement (at the time, the Northern District of West Virginia), and he sued the Commission instead of his immediate custodian (at the time, the warden of USP Hazelton).[1] But this Court has repeatedly held that neither of those requirements goes to a court's subject-matter jurisdiction. *See Ramsey v. U.S. Parole Comm'n*, 840 F.3d 853, 859 n.2 (D.C. Cir. 2016) (holding, in a prisoner's habeas action against the Commission, that the Commission had forfeited the defenses of venue and the immediate-custodian rule); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988) (en banc) (holding that habeas venue and personal jurisdiction are not issues of subject-matter jurisdiction and finding that the government forfeited those defenses); *Fletcher v. Reilly*, 433 F.3d 867, 875 (D.C. Cir. 2006) (habeas action could go forward against the Commission when it "appeared in [the] case" and "raised no objections on grounds of venue or personal jurisdiction"); *see also Rumsfeld v. Padilla*, 542 U.S.

---

[1] The Commission characterizes the district court and Amicus as taking the position that the Commission is the correct respondent in a habeas action. Commission's Br. ("CBr.") 14. That misapprehends the district court's observation—echoed by Amicus—that Dufur's failure to sue the correct respondent (his warden) poses no *practical* obstacle, because the Commission is fully capable of granting Dufur's requested relief (a new parole determination). JA40 (Op.); *see also* ABr. 26.

426, 451-52 (2004) (Kennedy, J., concurring) (noting that these two rules "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction"). This makes sense, since it is "elementary" that venue and personal jurisdiction defenses can be forfeited or waived as a general matter. *Chatman-Bey*, 864 F.2d at 813; *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (4th ed. 2021, Westlaw). Accordingly, because the Commission did not seek dismissal of Dufur's complaint based on venue or the immediate-custodian rule, the district court was free to recharacterize his suit as a habeas action and proceed to the merits.

2. The Commission's answering brief does not undercut any piece of that argument. Most notably, the Commission does not dispute that federal courts have this recharacterization authority. Indeed, it does not address *Castro* or this aspect of *Monk* at all.

Instead, the Commission at times suggests that the venue and immediate-custodian rules are jurisdictional (in the sense of subject-matter jurisdiction). *See* CBr. 1, 10, 14-15. But as just discussed, that is simply mistaken.[2]

---

[2] The Commission cites *Guerra v. Meese*, 786 F.2d 414 (D.C. Cir. 1986) (per curiam), in which this Court found that prisoners had failed to sue the right custodian and instructed that their petitions "must be dismissed for lack of jurisdiction." *Id.* at 416-17. *Guerra* did not specifically consider whether the immediate-custodian requirement constrains a court's subject-matter jurisdiction. Especially given the later decisions of this Court holding otherwise, *see supra* at 4, *Guerra* is best understood as a "drive-by jurisdictional ruling[]" that "should be accorded no

The Commission also maintains that it did not waive or forfeit the habeas-channeling rule or the venue and immediate-custodian defenses. CBr. 12-13. But the district court correctly found otherwise. JA40-41 (Op.). To begin with, the Commission filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1) (lack of subject-matter jurisdiction, 12(b)(2) (lack of personal jurisdiction), or 12(b)(3) (improper venue). D.D.C. Dkt. No. 9; *see also* JA41 (Op.).[3] That 12(b)(6) motion "ma[de] no mention of the channeling rule or of the immediate custodian rule." JA40 (Op.). It did state that "to the extent that Dufur's substantive due process claim rests upon his misinterpretation of mandatory parole as requiring his release by September 24, 2016, . . . that is a claim that sounds in habeas because it seeks to shorten the duration of his confinement," and noted that "this Court . . . is an improper venue for any habeas claim because Dufur is not in custody in this District." D.D.C. Dkt. No. 9 at 4-5 (citing cases); *see also* D.D.C. Dkt. No. 13, at 4 (similar statement); JA40 (Op.) (describing the Commission as "mak[ing] only glancing reference to the habeas venue rules"). But in its reply brief, the Commission "expressly disavow[ed] that venue is at issue." JA41 (Op.). In a section titled "The Court May Ignore Dufur's

---

precedential effect on that question." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (internal quotation marks omitted).

[3] Citations to "D.D.C. Dkt. No." refer to documents filed below in No. 1:17-cv-00677 (D.D.C.) that are not included in the Joint Appendix. "Doc." refers to documents in this appeal.

Exhaustion and Venue Arguments," the Commission explained that it "did not move to dismiss for improper venue or a discretionary change of venue pursuant to 28 U.S.C. § 1404(a), as Dufur appears to believe." D.D.C. Dkt. No. 13, at 3. Rather, the Commission was "merely point[ing] out" that one of Dufur's claims sounded in habeas. *Id.* at 4.

Naturally, the district court took the Commission at its word. *See* JA41 (Op.). Perhaps for that reason, the Commission did not object to the district court's waiver determination in responding to Dufur's motion for reconsideration in the district court, or in seeking summary affirmance in this Court. *See* D.D.C. Dkt. No. 20; Doc. No. 1762526; Doc. 1860006. Only in its latest appellate brief—following this Court's denial of summary affirmance—does the Commission suddenly insist that Dufur's case should have been dismissed on a ground it previously told the district court to "[i]gnore."

At bottom, the Commission's response offers no persuasive reason why the district court's recharacterization of Dufur's suit as a habeas action was procedurally improper. Regardless of whether the habeas-channeling rule is jurisdictional (and as discussed below, it is not), there is no obstacle to the Court reaching the merits.

### B. The Commission Fails To Establish That The Habeas-Channeling Is Jurisdictional

1. If the Court does reach the question whether the habeas-channeling rule is jurisdictional, the answer is no. As explained in Amicus's opening brief, the habeas-

channeling rule addresses whether a prisoner's claim is cognizable under a non-habeas cause of action. ABr. 27-28. Whether a cause of action exists is not an issue of subject-matter jurisdiction. *See Air Courier Conference of Am. v. Am. Postal Workers Union*, 498 U.S. 517, 523 n.3 (1991). Accordingly, the Supreme Court's cases establishing and applying the habeas-channeling rule have never deemed it jurisdictional. ABr. 28; *see, e.g.*, *Skinner v. Switzer*, 562 U.S. 521, 531, 533-36 (2011) (treating another procedural issue as jurisdictional, but not the habeas-channeling issue). And in *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Court held that the habeas-channeling rule is subject to forfeiture—which, as noted above, necessarily means the rule is not jurisdictional. *See id.* at 755 (finding that the state respondent failed to timely raise an argument for why the bar in *Heck v. Humphrey*, 512 U.S. 477 (1994), a species of the habeas-channeling rule, applied to petitioner's suit); *see also Skinner v. U.S. Dep't of Justice*, 584 F.3d 1093, 1100 (D.C. Cir. 2009) (noting *Muhammad*'s holding "that the government had waived a habeas exclusivity argument").

On appeal, the Commission for the first time argues that the habeas-channeling rule goes to the district court's subject-matter jurisdiction. CBr. 1, 17. But the Commission does not point to any decision of the Supreme Court suggesting as much. And its attempt to wave away *Muhammad* falls flat. The Commission stresses that *Muhammad* involved a state prisoner suing a state prison official. CBr.

21. But there is no reason the habeas-channeling rule would be jurisdictional as to federal prisoners but not state prisoners—especially given the rule's origins in cases about state prisoners suing under 42 U.S.C. § 1983. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 662-63 (D.C. Cir. 2013). The Commission also points out that part of the problem in *Muhammad* was that the state respondent failed to develop a factual record supporting his new *Heck* argument. CBr. 21-22. But that omission does not matter when a requirement is jurisdictional; the court is obligated to adjudicate the issue no matter what, even if it requires considering new evidence. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 508-11 (2006).

The Commission also invokes this Court's 1986 decision in *Monk*. CBr. 21. But as Amicus already explained, to the extent *Monk* suggests the habeas-channeling rule is jurisdictional, it has been overtaken by *Muhammad* and this Court's opinion in *Skinner v. United States Department of Justice*. ABr. 32.[4]

2. The Commission offers various other arguments for why, even if the habeas-channeling rule did not limit the district court's subject-matter jurisdiction, the court had an obligation to dismiss Dufur's complaint on its own initiative. None of these arguments succeeds.

---

[4] The Commission also cites *Aamer v. Obama*, 742 F.3d 1023, 1033 (D.C. Cir. 2014), and *Kiyemba v. Obama*, 561 F.3d 509, 513 (D.C. Cir. 2009). CBr. 18. But neither of those cases involved the habeas-channeling rule.

*First*, the Commission contends that there is a third category of procedural requirements that—while not a matter of subject-matter jurisdiction—a court nonetheless has an obligation to police on its own. CBr. 18-19. Similarly, the Commission asserts that some "jurisdictional" requirements are waivable, and yet the court must enforce them sua sponte. CBr. 22. Once again, the Commission is mistaken.

"Characterizing a rule as jurisdictional renders it *unique* in our adversarial system." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (emphasis added); *see also Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Branding a rule as going to a court's subject-matter jurisdiction alters the normal operation of our adversarial system."). Only requirements that limit a court's subject-matter jurisdiction—meaning, rules that constrain its authority to adjudicate a certain type of case—can be raised at any time, even by a party who has previously waived or conceded the point. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that because subject-matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived," and "[c]onsequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised").

None of the Commission's citations demonstrates otherwise. It cites a concurrence in *Mowrer v. United States Department of Transportation*, 14 F.4th 723 (D.C. Cir. 2021), for the proposition that a court "may not reach the merits without

first determining that it has . . . personal jurisdiction" even if there has been "waiver." CBr. 18; *see also id.* at 22. But *Mowrer* was about federal sovereign immunity, which this Court has treated as an issue of subject-matter jurisdiction. *See* 14 F.4th at 728-29; *id.* at 733-34 (Katsas, J., concurring). And while Judge Katsas's concurrence cited *Sinochem International Co. v. Malay International Shipping Corp.*, 549 U.S. 422, 430-31 (2007), for the rule that a court must "first" address personal jurisdiction before reaching the merits, he was making a point about sequencing—that personal jurisdiction must be considered before merits issues, *not* that the issue must be addressed sua sponte when a party fails to raise it. *See Mowrer*, 14 F.4th at 736; *Sinochem*, 549 U.S. at 430-31.[5] The Commission also cites *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), but as the Commission's own parenthetical states, the *Gonzalez* Court was discussing subject-matter jurisdiction. CBr. 19.

*Second*, the Commission argues that the district court had an obligation to dismiss Dufur's complaint "for lack of jurisdiction" when screening the action pursuant to the Prison Litigation Reform Act (PLRA). CBr. 15-17; *see* 28 U.S.C. § 1915A. The Commission failed to raise this objection below, and this Court should

---

[5] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), and *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 778-80 (2000), are also about this sequencing issue; they do not speak to a court's obligation when a party fails to object on personal jurisdiction grounds.

not consider it. *See Keepseagle v. Vilsack*, 815 F.3d 28, 36 (D.C. Cir. 2016). But it is meritless in any case.

The PLRA only obligates a district court to dismiss a prisoner complaint if it is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Lack of jurisdiction is not among those grounds, as this Court has recognized. *Thompson v. DEA*, 492 F.3d 428, 435, 437, 439 (D.C. Cir. 2007). Nor is lack of personal jurisdiction or improper venue. So while courts "*may* use the occasion of section 1915A review to dismiss on grounds [not] listed in . . . section 1915A," they are not required to do so. *Id.* at 439 (emphasis added). Accordingly, the Commission does not cite to a single decision (in this circuit or elsewhere) finding that a district court erred by not dismissing a prisoner action based on subject-matter jurisdiction, venue, or personal jurisdiction at the Section 1915A screening stage. *See* CBr. 16-17.[6] Indeed, the Commission is unable to point to a single decision finding error based on a district court's failure to dismiss an action at the screening stage on *any* ground.

---

[6] In one of the cases the Commission cites, *Wells v. Attorney General*, 470 F. App'x 754 (11th Cir. 2012) (per curiam), the Eleventh Circuit found that the prisoner's claim failed for lack of jurisdiction *not* because it was wrongly filed as a Section 1983 action (as the Commission's parenthetical suggests), but because it was a second or successive habeas petition filed in violation of 28 U.S.C. § 2244(b). *See* 470 F. App'x at 755-56. This latter requirement is jurisdictional. *See id.* at 756; ABr. 28 n.8.

Far from demonstrating that the district court had a responsibility to dismiss Dufur's action sua sponte, the appellate courts' PLRA jurisprudence reinforces Amicus's position that the habeas-channeling rule is not jurisdictional. Multiple circuits, including this Court, have held in the PLRA context that a *Heck* dismissal is a dismissal based on a *failure to state a claim*. *See In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011) (per curiam); *Garrett v. Murphy*, --- F.4th ----, 2021 WL 5026787, at *4-5 (3d Cir. Oct. 29, 2021); *Colvin v. LeBlanc*, 2 F.4th 494, 498-99 (5th Cir. 2021). In reaching that conclusion, this Court's sister circuits have explicitly clarified (including very recently) that the *Heck* channeling rule "'does not implicate a federal court's jurisdiction.'" *Garrett*, 2021 WL 5026787, at *4 (quoting *Vuyanich v. Smithton Borough*, 5 F.4th 379, 389 (3d Cir. 2021)); *Colvin*, 2 F.4th at 498-99; *cf. Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1151-52 (D.C. Cir. 2017) (dismissals for lack of jurisdiction do not count as PLRA strikes). The Seventh Circuit has likewise deemed the *Heck* rule nonjurisdictional. *Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011) (per curiam).[7] Again, *Heck* is merely one

---

[7] *See also Johnson v. Spencer*, 950 F.3d 680, 697-98 (10th Cir. 2020) (noting that the circuit has treated *Heck* as nonjurisdictional in dicta and in unpublished decisions); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 n.4 (11th Cir. 2020) (strongly suggesting *Heck* is nonjurisdictional); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 n.7 (9th Cir. 2016) (reserving the issue). To Amicus's knowledge, only the First Circuit has deemed the *Heck* bar jurisdictional in a precedential opinion. *See O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019) (citing *White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997)). But that circuit has not reevaluated the issue under the Supreme Court's

application of the general habeas-channeling rule. *See Heck*, 512 U.S. at 480-83; *Davis*, 716 F.3d at 663. This line of authority solidifies the conclusion that a prisoner's failure to comply with the habeas-channeling rule does not deprive a court of authority to hear the suit, if the government fails to timely raise the issue.

*Finally*, the Commission repeatedly warns that excusing Dufur's failure to sue in his district of confinement would encourage forum-shopping by federal prisoners. CBr. 1, 10, 15, 20, 22-23. That attempt at a policy argument misfires. It was entirely within the Commission's power to keep the District Court for the District of Columbia from adjudicating the merits of Dufur's suit; it could have objected on the basis of venue, rather than expressly disclaiming such an objection. What the Commission could not do is sit back and rely on the district court to police its procedural rights on its behalf.[8]

---

more recent precedent bringing "discipline" to the term, *see Henderson*, 562 U.S. at 435, or after *Muhammad*.

[8] The Commission also suggests that the district court should have transferred the action to the Northern District of West Virginia. CBr. 2, 11. But again, the Commission told the court to do the opposite—perhaps because it preferred an outright dismissal under Rule 12(b)(6) rather than starting over in a new venue. *See supra* at 6-7. If this Court were to determine that transfer is appropriate, however, it should remand with instructions to transfer the action to Dufur's current district of imprisonment, the Eastern District of California. *See* Doc. 1921068 (Dufur has been transferred to FCI Mendota, a medium-security facility).

## II. THE COMMISSION'S DENIAL OF MANDATORY PAROLE EXCEEDED ITS STATUTORY DISCRETION AND VIOLATED DUE PROCESS

Turning to the merits, Dufur has stated a claim for relief based on the Commission's denial of mandatory parole under 18 U.S.C. § 4206(d). *See* ABr. 32-52. None of the Commission's arguments demonstrates otherwise.

### A. This Court May Review The Commission's Determination

As explained in Amicus's opening brief, federal courts have the authority to review the legality of the Commission's parole decisions. ABr. 33-35. Specifically, this Court may vacate a Commission decision if it exceeds the Commission's discretion under the governing statute or denies the prisoner due process. *See, e.g.*, *Langella v. Anderson*, 612 F.3d 938, 940 (8th Cir. 2010) (courts have jurisdiction to review whether "the Parole Commission 'exceeded the scope of its discretion, violated the Constitution, or reached decisions so arbitrary and capricious as to amount to a violation of due process'" (citation omitted)); *Ford v. Massarone*, 902 F.3d 309, 321 (D.C. Cir. 2018) (Commission decisions violate due process if they are "totally lacking in evidentiary support or . . . so irrational as to be fundamentally unfair" (citation omitted)).

The Commission does not appear to dispute this as a general matter. *See* CBr. 23-34. It does point to 18 U.S.C. § 4218(d), which instructs that the Commission's grant or denial of parole "shall be considered actions committed to agency discretion

for purposes of" the Administrative Procedures Act. *See* CBr. 28-29; 5 U.S.C. § 701(a)(2) (instructing that the APA does not apply when agency action is committed to agency discretion by law). But even those circuits that have relied on Section 4218(d) in adopting (what they describe as) more constrained standards of review still evaluate the Commission's decisions for a rational basis and compliance with the Constitution. *See Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011) (courts may review "whether the Parole Commission acted unlawfully" and may reverse if the decision "involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion"); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 n.2 (6th Cir. 2006) (reviewing for whether there is a "rational basis in the record for the Commission's conclusions embodied in its statement of reasons"); *see also* ABr. 35 n.12. This Court may do the same here.[9]

---

[9] The Commission also argues that Dufur cannot state a procedural due process claim or a substantive due process claim. CBr. 33-34. But Amicus has argued that Dufur has stated a claim for relief under the equal protection component of the Due Process Clause. *See* ABr. 35; JA56 (Op.); *Ford*, 902 F.3d at 321; *Johnson v. District of Columbia*, 927 F.3d 539, 547 (D.C. Cir. 2019). In any event, the district court correctly determined that Section 4206(d) establishes a presumption of parole release that gives rise to a constitutionally protected liberty interest. *See* JA53-55 (applying *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979), and citing circuit cases).

### B. This Court Should Remand For A New Determination Because The Commission No Longer Defends Half Of Its Rationale For Denying Parole

The Commission's final decision denying Dufur mandatory parole on November 25, 2016 rested on two grounds: (1) that there is "a reasonable probability" Dufur would commit a crime if released, and (2) that Dufur "seriously violated institution rules, by escaping on October 14, 1979." NOA Appeal (JA14). On appeal in this Court, the Commission has entirely abandoned any defense of the second ground. *See* CBr. 2, 24-25.

This means a remand to the Commission is necessary. As explained in Amicus's opening brief, "when an agency relies on multiple grounds for its decisions, some of which are invalid," the decision as a whole must be set aside unless "the agency would clearly have acted on the valid ground even if the other [invalid grounds] are unavailable." *Casino Airlines, Inc. v. Nat'l Transp. Safety Bd.*, 439 F.3d 715, 717-18 (D.C. Cir. 2006) (citation omitted); *see* ABr. 50-52.

The Commission does not dispute that rule. Rather, the Commission claims that it did not rely on the "violation of 'institutional rules'" rationale at all. CBr. 24-25. But the decision under review is the "final" decision that the Commission issued on reconsideration (which the Commission's appellate brief calls the decision of the

"National Appeals Board"). *See* JA14 (NOA Appeal).[10] And in that decision, the Commission explained that "[*i*]*n addition*" to its finding that Dufur might commit a future crime, it "could have found that [Dufur] seriously violated institution rules." *Id.* (emphasis added).

The Commission's brief offers no explanation for why it added this additional ground for denial if it was not relying on that ground in any way. *Cf.* JA36 (Op.) (referring to this part of the Commission's decision as a "conclu[sion]"). To the contrary, the fact that the Commission felt a need to supplement its earlier decision with a new rationale—rather than resting solely on the "reasonable probability of future crime" rationale—strongly indicates that, once it considered Dufur's arguments for reconsideration, the Commission was *not* prepared to rest solely on that latter ground. Given the Commission's current unwillingness to defend one of the two pillars of its denial decision, a remand for a new decision is necessary.

---

[10] As explained in Amicus's opening brief, because Dufur's case was classified as an "original jurisdiction" case, the full Commission was required to vote on both the initial decision to deny Dufur mandatory parole and Dufur's subsequent appeal. *See* JA13 (NOA); 28 C.F.R. §§ 2.17, 2.27; ABr. 13 n.4. If those procedures were followed, the "National Appeals Board" decision on November 25, 2016 was really a decision on reconsideration by the same commissioners who issued the initial decision on July 25, 2016. The Commission represents that the correct procedures were followed, *see* CBr. 26 n.7, even as it continues to suggest that the decisions were issued by different entities, *see* CBr. 24-25 (referring to the "National Appeals Board['s]" "affirm[ance]" of "the Parole Commission's decision").

### C. The Commission's Determination That It Is "Reasonably Probable" Dufur Will Commit Another Violent Crime Lacks Evidentiary Support And Is Irrational

1. Even if this Court were prepared to uphold the denial based only on the Commission's finding that there is a "reasonable probability" that Dufur will recidivate, that finding exceeded the Commission's discretion under Section 4206(d) and is so irrational as to be fundamentally unfair. *See* ABr. 41-50.

The Commission does not deny that its finding that Dufur is "a high risk for violent crime" (JA13) was not based on anything that has occurred during the past 42 years of his federal imprisonment. Instead, that finding was supported only by the nature of Dufur's offenses of conviction and his prior criminal history. *See* CBr. 26-27; JA13 (NOA); JA14 (NOA Appeal). But unlike 18 U.S.C. § 4206(a)—the subsection governing discretionary parole—Section 4206(d) does not tell the Commission to consider those factors. *See* ABr. 42-43. Accordingly, as Amicus has explained, denying a prisoner mandatory parole based *solely* on those factors contravenes the structure and purpose of the parole regime that Congress established in the Parole Commission and Reorganization Act of 1976. *See* ABr. 43-44; *see United States v. Addonizio*, 442 U.S. 178, 188 & n.13 (1979) (explaining that "[t]he Commission has substantial discretion to determine whether a prisoner should be released on parole . . . *prior to the point where release is mandated by statute*," and citing 18 U.S.C. § 4206(d) (emphasis added)).

Significantly, the Commission does not point to a single decision where a court has upheld a mandatory-parole denial based only on the prisoner's offenses of conviction and pre-offense history. The Commission nonetheless maintains that denying Dufur parole in 2016 based on his conduct in 1979 (and earlier) was entirely proper. CBr. 25-28. It offers two points in support; neither is persuasive.

*First*, the Commission points to the language of 18 U.S.C. § 4207, which states that the Commission "shall" consider, among other things, "official reports of the prisoner's prior criminal record" and "presentence investigation reports." CBr. 27 (quoting 18 U.S.C § 4207). But the Commission leaves out the fact that Section 4207 governs *all* determinations "under this chapter"—i.e., the entire chapter dealing with parole—and it instructs the Commission to consider the listed materials "*if . . . relevant*." 18 U.S.C § 4207 (emphasis added). So the provision does not speak to whether the Commission should consider the offender's criminal history and conviction offenses in making a determination under Section 4206(d) specifically. The Commission points to an unpublished Fifth Circuit decision where the court stated (in a single sentence as part of an alternative holding) that the Commission may rely on another piece of information listed in Section 4207—the sentencing judge's parole recommendation—in making a mandatory-parole determination. *See Johnson v. U.S. Parole Comm'n*, 419 F. App'x 438, 439 (5th Cir. 2011) (per curiam). But the Fifth Circuit did not consider the very different

argument the Commission is advancing here: that mandatory parole may be denied solely based on the offender's criminal history and underlying offense. In *Johnson*, the Commission based the denial on the prisoner's extensive history of prison infractions. *See id.*

*Second*, the Commission points to one of its regulations, 28 C.F.R. § 2.18, which states that the Commission must "consider[]" the "nature and circumstances of the offense and the history and characteristics of the prisoner." *See* CBr. 25. But Section 2.18 does not say that it applies to mandatory-parole determinations. Rather, the regulation's language closely tracks the statutory language of Section 4206(a)—the subsection governing *discretionary* parole—while not incorporating language that mirrors the unique requirements of Section 4206(d). That is not surprising, because 28 C.F.R. § 2.18 was on the books in similar form before Section 4206(d) was enacted in 1976. 28 C.F.R. § 2.18 (1975) (citing 18 U.S.C. § 4203(a), which at that time provided criteria for discretionary parole).[11] In any case, even assuming the Commission's current interpretation of its regulation warrants deference, *but see Kisor v. Wilkie*, 139 S. Ct. 2400, 2417-18 & n.6 (2019), the regulation cannot contravene the text and structure of Section 4206(d) itself. *See Barnhart v. Walton*,

[11] After the Parole Commission and Reorganization Act was enacted in 1976, the Commission amended Section 2.18 to track the wording of the new discretionary parole provision in Section 4206(a). *See* 41 Fed. Reg. 19,326, 19,330 (May 12, 1976). The Commission also promulgated 28 C.F.R. § 2.53, which governs mandatory-parole determinations. *See* 41 Fed. Reg. at 19,339.

535 U.S. 212, 217-18 (2002) ("[I]f the statute speaks clearly 'to the precise question at issue,' we 'must give effect to the unambiguously expressed intent of Congress.'" (quoting *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)); *Eagle Pharms., Inc. v. Azar*, 952 F.3d 323, 330 (D.C. Cir. 2020) ("[W]e examine the [statute's] text, structure, purpose, and legislative history to determine if the Congress has expressed its intent unambiguously." (alterations in original) (citation omitted)).

2. The Commission also has no meaningful response to Amicus's argument that the Commission failed to account for Dufur's outstanding California detainer. *See* ABr. 47-50. The Commission points to nothing in either of its decisions explaining why the Commission believed that Dufur "remains a threat to *the community*," given that he would be transferred to a California state prison to continue serving a life sentence there. JA13 (NOA) (emphasis added); *cf.* CBr. 25-26 (explaining that the Commission "denied Dufur parole to protect the public"). The Commission's failure to consider this factor and explain its reasoning is a violation of 18 U.S.C. § 4206(b) requiring a remand. *See Marshall v. Lansing*, 839 F.2d 933, 943-44 (3d Cir. 1988); ABr. 48-49.

For that reason, the Commission's post hoc rationalizations in its appellate brief cannot carry the day. *See Marshall*, 839 F.2d at 943-44; *SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943). And they are unpersuasive in any event. Notably, the

Commission does not adopt the district court's theory (that the Commission might have implicitly reasoned that Dufur could commit another crime while in state prison). *See* ABr. 49-50. Instead, the Commission suggests that California might "withdraw the detainer." CBr. 28. But the Commission had the authority to condition Dufur's federal parole release on the detainer remaining in effect (as already explained). *See* 28 C.F.R. § 2.32(a)(1); ABr. 47-48.

The Commission also speculates that California could "release [Dufur] on early parole." CBr. 28. But it does not respond to Amicus's explanation for why, based on Dufur's history and applicable California law, that appears unlikely. *See* ABr. 48 n.17. The same goes for the Commission's speculation that California might "grant compassionate release immediately." CBr. 28. The Commission cites no provision of California law in support of that claim, and the compassionate release provisions Amicus has identified apply only to individuals with serious illnesses.[12]

3. Finally, the Commission tells this Court not to worry, because at Dufur's next parole hearing, the Commission may evaluate the "factors" raised in this appeal

---

[12] To Amicus's knowledge, Dufur is not "permanently medically incapacitated with a medical condition that renders him . . . permanently unable to perform activities of basic daily living, and results in [him] requiring 24-hour care," Cal. Penal Code § 3550(a), nor is he "terminally ill with an incurable condition caused by an illness or disease that would produce death within 12 months, *id.* § 1170(e)(2)(A).

and "reconsider[]." CBr. 29. The Commission refers to Dufur's entitlement to an interim parole hearing every two years, 18 U.S.C. § 4208(h), in which the Commission may "consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the [last] hearing," 28 C.F.R. § 2.14(a).

This reassurance rings hollow. Again, the Commission's *only* basis for determining that Dufur is likely to commit another violent crime was his criminal history and the nature of his offenses of conviction. Those factors cannot change. Which is why the Commission's adherence to its 2016 determination at Dufur's interim hearing in 2018 was entirely unsurprising. *See* ABr. 14 n.5. The Commission's reasoning in denying Dufur mandatory parole—and its defense of that reasoning on appeal—make crystal clear that the possibility-of-parole sentence Dufur received in 1979 was illusory. *Cf.* CBr. 10 (Commission remarking that "[h]ope springs eternal for federal prisoners like Dufur"). This Court must step in.

## CONCLUSION

This Court should reverse the dismissal of Dufur's action and remand the case for further proceedings.

Dated: November 30, 2021

Respectfully submitted,

/s/ *Caroline A. Flynn*
Caroline A. Flynn
*Counsel of Record*
Roman Martinez
Morgan Hoffman
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
caroline.flynn@lw.com

*Court-Appointed Amicus Curiae in Support of Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1), this document contains 6,009 words, as determined by the word-count function of Microsoft Word 2016.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman Font.

*/s/ Caroline A. Flynn*
Caroline A. Flynn

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2021, I filed the foregoing Reply Brief of Court-Appointed Amicus Curiae in Support of Plaintiff-Appellant with the Clerk of the United States Court of Appeals for the D.C. Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

I further certify a copy of the foregoing was sent via first-class mail, postage prepaid, to Plaintiff-Appellant Artie Dufur at the below address:

Artie Dufur
R09917-086
FCI Mendota
P.O. Box 9
Mendota, CA 93640

*/s/ Caroline A. Flynn*
Caroline A. Flynn